IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN HARRIS, | § § | |
| Plaintiff, | § § | No. 4:22cv2837 |
| VS. | § § | Jury Trial Demanded |
| G4S SECURE SOLUTIONS (USA), INC., | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Carolyn Harris files this Complaint against Defendant G4S Secure Solutions (USA), Inc.

### Parties

1. Plaintiff Carolyn Harris is an individual residing in Harris County, Texas.

2. Defendant G4S Secure Solutions (USA), Inc. is a Florida corporation with its main office in Florida. G4S Secure Solutions may be served through its registered agent, Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Family and Medical Leave Act and the Americans with Disabilities Act. The Court has supplemental jurisdiction of the claim under Chapter 21 of the Texas Labor Code.

4. Venue is proper because all of the events in question occurred in this District.

### Claim for Relief

5. Ms. Harris went to work for G4S Secure Solutions in January 2018. She began as a commissioned officer, then became a shift supervisor, and finally became a project manager. As

1

of May 2021, Ms. Harris had worked for G4S Secure Solutions for more than 12 months and for at least 1,250 hours of service within the previous 12-month period, Ms. Harris was an eligible employee as defined in the FMLA, 29 U.S.C. § 2611(2)(A).

6. G4S Secure Solutions is engaged in commerce and employs more than 50 persons. G4S Secure Solutions is an employer as defined in the FMLA, 29 U.S.C. § 2611(4)(A). G4S Secure Solutions employed at least 50 persons within 75 miles of Ms. Harris's worksite.

7. In 2019, Ms. Harris was diagnosed with congestive heart failure. This is a disability for purposes of the ADA. It substantially limits the operation of major bodily systems, including the cardiac and circulatory systems. In its active state, it also substantially limits major life activities, including walking, standing, and working. Ms. Harris uses medications as ameliorative measures, including medication for blood pressure, a diuretic, an anxiety medication, and a cardio medication. Even with these medications, Ms. Harris occasionally becomes unable to work due to her disability.

8. Ms. Harris' health issues are also a serious health condition for purposes of the FMLA, in that she has received medical treatment on multiple occasions and has been placed under an ongoing program of treatment through medication.

9. Ms. Harris discussed her disability and her limitations with her various supervisors over time. G4S Secure Solutions never processed Ms. Harris for intermittent leave under the FMLA, but it did allow her to leave work when needed and to take days off when needed. This happened on multiple occasions in 2019. 2020, and 2021.

10. In April 2021, Ms. Harris informed her supervisors at G4S Secure Solutions that she would need medical leave for an outpatient procedure in connection with her congestive heart failure. This procedure was expected to incapacitate Ms. Harris for at least a couple weeks. She

contacted HR about her available paid leave time. On May 3, 2021, she corresponded by e-mail with HR, stating that she was having a procedure that she was trying to schedule. She verified that she had at least 80 hours of paid leave available.

11. The anticipated medical leave was protected by the FMLA. In addition, medical leave to receive treatment for a disability is a reasonable accommodation for the disability.

12. Before Ms. Harris could take her leave for the medical procedure, G4S Secure Solutions fired her on a pretext.

13. On May 5, 2021, Ms. Harris was verbally abused and threatened by two security officers under her supervision. She reported the incident to G4S Secure Solutions. Incredibly, G4S Secure Solutions fired her the next day, claiming that she had created a hostile work environment while in a leadership role. This was simply not true. Furthermore, Ms. Harris had never been written up or counseled, nor had she ever received a negative review or evaluation. There was no rational reason for Ms. Harris' termination other than the fact that she was about to take FMLA-qualifying medical leave for her disability.

14. Ms. Harris filed a charge of discrimination with the EEOC and TWC in September 2021. Ms. Harris received a right to sue letter on May 25, 2022.

15. All conditions precedent have occurred or been satisfied.

16. G4S Secure Solutions violated the FMLA by interfering with Ms. Harris' right to leave by terminating her. G4S Secure Solutions is therefore liable to Ms. Harris for back pay, loss of benefits, reinstatement or in the alternative front pay, liquidated damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

17. G4S violated the ADA and Chapter 21 of the Texas Labor Code by terminating Ms. Harris because of her disability. G4S Secure Solutions is therefore liable to Ms. Harris for back

pay, loss of benefits, compensatory damages, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

For the foregoing reasons, G4S Secure Solutions should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Harris and against G4S Secure Solutions for back pay, loss of benefits, liquidated damages under the FMLA, compensatory damages under the ADA and Chapter 21 of the Texas Labor Code, reinstatement or in the alternative front pay, attorneys' fees, pre- and post-judgment interest as provided by law, equitable relief, all costs of court, and any other relief to which he may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF