IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 4:22cv2837 |
| VS. | § | |
| | § | Jury Trial Demanded |
| G4S SECURE SOLUTIONS (USA), INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO
MOTION TO STRIKE JURY DEMAND**

Plaintiff Carolyn Harris files this response to G4S Secure Solutions (USA), Inc.'s Motion to Strike Plaintiff's Jury Demand (Doc. 8).

I.   The Motion Is Incorrectly Based on Texas Law, Rather Than Federal Law.

G4S's motion is based on Texas case law.  In fact, Ms. Harris' right to a jury trial flows from the Seventh Amendment and Fed. R. Civ. P. 38, not from Texas law.  This is a question of federal law.  *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 812-13 & n.5 (N.D. Tex. 2002)  The cases cited by GS4 are neither binding nor authoritative.

II.  The Waiver Is Not Enforceable Under Federal Law.

"[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937); *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998).  The Fifth Circuit has held that a waiver must be "without doubt knowingly and voluntarily" and may not be found in a "doubtful situation." *Id.* at 545.

Although the Fifth Circuit has not specifically addressed a contractual jury waiver, Judge Lynn of the Northern District of Texas summarized the law and identified four relevant factors in assessing whether the waiver was made "knowingly, voluntarily, and intelligently":

1

> Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties. However, that waiver must be made knowingly and voluntarily, and courts will indulge every reasonable presumption against a waiver of that right. <u>The federal standard for determining the validity of a contractual waiver of the right to a jury trial is thus whether the waiver was made in a knowing, voluntary, and intelligent manner.</u> In the context of an express jury waiver, the majority of federal courts have held that the party seeking enforcement of the waiver has the burden of showing that the consent of the party making the waiver was knowing, voluntary, and intelligent, but a circuit split exists on this issue. <u>Although the Fifth Circuit has not addressed who carries the burden, the Court concludes that the party seeking to enforce the waiver has the burden. Regardless of who shoulders the burden, the factors used by federal courts to decide whether a waiver was made knowingly, voluntarily, and intelligently include: (1) whether there was gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous.</u>

*RDO*, 191 F. Supp. 2d at 813-14 (emphasis added). In this case, each of those factors weigh against enforcement of the jury waiver.

    A.    <u>Gross Disparity in Bargaining Power</u>

With respect to the first factor, it should be apparent that there is gross disparity in bargaining power between an employer and a job applicant. While G4S makes the peculiar argument that G4S and Ms. Harris had equal bargaining power (Motion at 3), the Court may resolve this issue solely on the basis that the jury waiver is unilateral (*i.e.,* it applies only to Ms. Harris' claims and is in a document signed only by Ms. Harris). The language is as follows:

> 2. To assist in a prompt and effective resolution of any disputes or claims I might have against G4S or its employees, I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO A JURY TRIAL AND AGREE THAT ANY LAWSUITS FILED BY ME OR ON MY BEHALF WILL BE HEARD AND DECIDED BY A JUDGE.

Exhibit to the Motion at 9. On its face, this waiver binds <u>only</u> Ms. Harris and applies <u>only</u> to lawsuits that she brings. The document is signed <u>only</u> by Ms. Harris and not by G4S:

2

> Please tick this box to acknowledge.
>
> Signature:   Score: 0
>
> CAROLYN HARRIS

As Judge Mazzant of the Eastern District of Texas explained, this weighs heavily against the enforceability of the jury waiver:

> [T]he fact that a contract is unilateral suggests that there is a disparity in bargaining power and/or the parties did not have an opportunity to negotiate.
>
> An agreement is unilateral when only one party is prohibited from being able to request a jury trial. A wholly one-sided waiver "demonstrates that [a party] lacked a realistic opportunity to negotiate at arms-length." When determining if both parties are bound by a jury waiver agreement, courts examine the language of the clause. Additionally, a jury waiver agreement that contains a signature of only one party or a signature line for only one party suggests that only one party was bound. Unilateral waivers should not be enforced because they indicate that the agreement was not actually negotiable.

*Zavala v. Aaron's, Inc.*, 2015 U.S. Dist. LEXIS 127775, at 7-8 (E.D. Tex. 2015) (copy in Appendix) (emphasis added) (citations omitted). Judge Mazzant held that this was sufficient to bar enforcement of the jury waiver even though the waiver was conspicuous and even though the other factors were neutral. *Id.* at 12 ("The unilateral nature of the contract demonstrates that the jury waiver was not knowingly, voluntarily and intelligently entered and is thus unenforceable."). Likewise, Magistrate Judge Howell of the Western District found that a unilateral waiver showed inequality of bargaining power:

> [I]t is Hudson, Lincare's employee, who seeks to invalidate a jury trial waiver she played no part in drafting or, as explained below, negotiating. Moreover, the jury trial waiver, which was drafted by Lincare, specifically refers to Hudson's waiver of her right to a jury trial and does not include Lincare's signature. Dkt. 20-2, at 1 ("Your signature below indicates that you understand that as a condition of your hire or continued employment, any lawsuit that you may bring against Lincare or any of its subsidiaries or related entities will be decided by a judge, without a jury."). Because "the fact that a contract is unilateral suggests that there is a disparity in bargaining power," the Court finds that the first factor weighs against enforcement of the jury trial waiver.

*Hudson v. Lincare Inc.*, 2021 U.S. Dist. LEXIS 177086, at 6-7 (W.D. Tex. 2021) (copy in Appendix) (citations omitted) (emphasis added); *see also RDO*, 191 F. Supp. 2d at 814 ("Further, the waiver at issue is wholly one-sided. RDO can enforce Powell's jury waiver, but RDO can also demand a jury. This demonstrates that Powell lacked a realistic opportunity to negotiate at arms-length with RDO.").

In sum, the first factor weighs heavily against enforcement of the waiver and, under Judge Mazzant's reasoning, is dispositive.

B. <u>The Business or Professional Experience of Ms. Harris</u>

G4S does not address this factor and offers no evidence showing that Ms. Harris has business or professional experience. The application itself shows that Ms. Harris has an Associates Degree as a Medical Assistant (Exhibit at 3) and that she attended a "Detention Officer/Jailer Academy" at UH-Downtown for about six months (Exhibit at 4). While Ms. Harris is not uneducated, she is not sophisticated in business matters. This factor is neutral. *Zavala,* 2015 U.S. Dist. LEXIS at 6-7 ("Defendant does not claim that Plaintiff's background particularly prepared her to understand the significance of the waiver, but the language of the jury waiver is unambiguous. Accordingly, the Court finds that this factor favors neither party.").

C. <u>Opportunity to Negotiate</u>

As discussed above, the unilateral nature of the jury waiver indicates that there was no meaningful opportunity to negotiate. *Hudson*, 2021 U.S. Dist. LEXIS ("Because the jury trial waiver only applied to Hudson and there was no actual negotiation of the waiver, the Court finds that this factor weighs against enforcement of the jury trial waiver."). GS4 actually admits that it presented the waiver on a "take it or leave it" basis. Motion at 3-4. This factor weighs against enforcing the jury waiver.

D. <u>Inconspicuous</u>

If the employment application had been a printed document at the time, the jury waiver might qualify as "conspicuous." But this was not the case. The employment application appears to have been completed online. The Exhibit to the Motion is a printout from the computer system. It is impossible to know whether the jury waiver would have been conspicuous to an ordinary person completing the application online. While some of the language is capitalized, GS4 did not require an applicant to click a box acknowledging the waiver and did not take any other steps to ensure that the applicant did not just skip over the boilerplate. To an ordinary person in the Internet age using a computer, tablet, or phone, a provision like this may be inconspicuous, even though it would have been conspicuous if the document had been printed out.

This is not to say that anything prohibited G4S from using an online application system. However, the standards that apply to printed forms are not always applicable to online forms. This is why many companies require consumers and others to click boxes next to various disclosures.

G4S has not presented evidence showing how the jury waiver would have been presented to the applicant on a computer screen (or tablet or phone) and thus has not met its burden of proof. At best, this factor is neutral.

E. <u>Summary</u>

Two of the four factors weigh strongly against enforcing the jury waiver, and the other two factors are neutral. As shown by the unilateral nature of the jury waiver, this was not a "knowing, voluntary, and intelligent" waiver of a constitutional right. Under federal law, the jury waiver is not enforceable.

III. <u>Conclusion</u>

For the foregoing reasons, GS4's motion should be denied.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this pleading was sent electronically to all counsel of record on November 10, 2022.

/s/ David C. Holmes
David C. Holmes