United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROLYN HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-22-2837 |
| G4S SECURE SOLUTIONS (USA), | § | |
| INC. and UNIVERSAL PROTECTION | § | |
| SERVICE, LP, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Carolyn Harris ("Plaintiff") brought this action against GS4 Secure Solutions (USA), Inc. ("G4S") and Universal Protection Service, LP ("Universal") (collectively, "Defendants").[1] Plaintiff alleges that Defendants improperly terminated her employment, violating the Family and Medical Leave Act, the Americans With Disabilities Act, and Chapter 21 of the Texas Labor Code.[2] Pending before the court is G4S Secure Solutions (USA) Inc.'s Motion to Strike Plaintiff's Jury Demand ("G4S's Motion to Strike") (Docket Entry No. 8). For reasons stated below, G4S's Motion to Strike will be denied.

---

[1]First Amended Complaint, Docket Entry No. 15, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Id. at 4 ¶¶ 18-19.

## I. Background

Plaintiff brought this action against G4S on August 22, 2022, and against Universal on January 27, 2023.[3] Plaintiff demanded a jury trial initially and in her First Amended Complaint.[4] G4S filed its Motion to Strike on October 25, 2022.[5] G4S attaches an Application for Employment, which includes a jury trial waiver:

> I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO A JURY TRIAL AND AGREE THAT ANY LAWSUITS FILED BY ME OR ON MY BEHALF WILL BE HEARD AND DECIDED BY A JUDGE.[6]

Plaintiff does not dispute that she electronically signed the document. Plaintiff filed a response on November 10, 2022, and Defendants have not filed a reply.[7]

## II. Legal Standard

"[T]he [Seventh Amendment] right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." Simler v. Conner, 83 S. Ct.

---

[3]Complaint, Docket Entry No. 1, p. 1. GS4 was the only defendant named in the Complaint. But Plaintiff sought to amend her Complaint to add Universal as a defendant on January 26, 2023 (Plaintiff's Unopposed Motion for Leave to Amend, Docket Entry No. 13), which the court granted on January 27, 2023 (Order, Docket Entry No. 14). Plaintiff's First Amended Complaint was filed on January 27, 2023, Docket Entry No. 15.

[4]First Amended Complaint, Docket Entry No. 15, p. 1.

[5]G4S's Motion to Strike, Docket Entry No. 8.

[6]Application for Employment, Exhibit A to G4S's Motion to Strike, Docket Entry No. 8-1, p. 9 ¶ 2.

[7]Plaintiff's Response to Motion to Strike Jury Demand ("Plaintiff's Response"), Docket Entry No. 10.

609, 610 (1963). Accordingly, "the enforcement of a jury waiver is a question of federal, not state, law." Medical Air Technology Corp. v. Marwan Investment, Inc., 303 F.3d 11, 18 (1st Cir. 2002). The right to a jury trial may be waived by contract, but it must be an informed and voluntary waiver. Leasing Service Corp. v. Crane, 804 F.2d 828, 833 (4th Cir. 1986). The majority approach appears to be that the party enforcing a jury waiver bears the burden of showing it was informed and voluntary.[8] See id.; National Equipment Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir. 1977). "[T]he factors used by federal courts to decide whether a [contractual] waiver was made knowingly, voluntarily, and intelligently include: (1) whether there was gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause containing the waiver was inconspicuous." RDO Financial Services Co. v. Powell, 191 F. Supp. 2d 811, 813-14 (N.D. Tex. 2002).

### III. Analysis

G4S argues that the parties had equal bargaining power, that Plaintiff is a sophisticated individual, that negotiations would

---

[8] Plaintiff states that the Fifth Circuit has not addressed who bears the burden on this issue, and G4S has not replied. The court is not aware of any Fifth Circuit opinions addressing this issue. Given the right's fundamental nature, the court agrees with the majority approach.

have been futile, and that the waiver was conspicuous.[9] Plaintiff argues that G4S had significantly more bargaining power, that she is not sophisticated in business matters, that there was no opportunity to negotiate, and that the waiver was inconspicuous.[10]

**A.   Bargaining Power**

G4S argues that the parties had equal bargaining power because "Plaintiff was free to reject the waiver and seek employment elsewhere."[11]  Plaintiff responds that the waiver's one-sidedness reveals a disparity in bargaining power.[12]

"[T]he inherent disparity in bargaining relationships that is the consequence of normal employer-employee relations does not automatically render a waiver involuntary. <u>Jones v. Tubal-Cain Hydraulic Solutions, Inc.</u>, Civil Action No. 4:16-CV-01282, 2017 WL 3887235, at *3 (S.D. Tex. Sept. 5, 2017). "Even in the context of employment, a 'take it or leave it' situation alone does not

---

[9]G4S's Motion to Strike, Docket Entry No. 8, pp. 3-4.  The court notes that G4S relies exclusively on Texas state cases governing jury waivers.  Plaintiff correctly points out that federal law governs enforceability of a jury waiver in federal court.  G4S has not replied.  G4S bears the burden of showing that the waiver was knowing and voluntary, but it has not briefed the factors used in federal court governing knowing and voluntary waiver.  The court nevertheless considers G4S's Motion to Strike and arguments, since they overlap somewhat with the relevant factors.

[10]Plaintiff's Response, Docket Entry No. 10, pp. 2-5 ¶¶ A-D.

[11]G4S's Motion to Strike, Docket Entry No. 8, p. 3.

[12]Plaintiff's Response, Docket Entry No. 10, p. 2 ¶ A.

-4-

make the waiver unenforceable." Zavala v. Aaron's, Inc., No. 4:15-CV-123, 2015 WL 5604766, at *3 (E.D. Tex. Sept. 23, 2015). "Fifth Circuit courts have often found, though, that a unilateral jury waiver suggests a sufficient disparity of bargaining power." MWK Recruiting, Inc. v. Jowers, No. 1:18-CV-444-RP, 2020 WL 4370138, at *2 (W.D. Tex. July 30, 2020).[13] The waiver signed only by Plaintiff purports to affect her jury trial rights but makes no mention of G4S's rights. This unilateral waiver of rights suggests a gross disparity in bargaining power and therefore weighs against enforcing the waiver.

B. **Plaintiff's Business Sophistication**

G4S does not directly address Plaintiff's business sophistication. Plaintiff argues that although she is not unintelligent, she lacks business sophistication.[14]

"When assessing [a] plaintiff's business acumen, courts may refer to the employee's education and work experience." Hudson v. Lincare Inc., No. 1:20-CV-928-RP, 2021 WL 4255094, at *3 (W.D. Tex. Sept. 17, 2021). "They also consider whether a plaintiff retained counsel, though this fact is not dispositive." Williams v. Aire Serv, LLC, Case No. 6:18-CV-00304-ADA-JCM, 2019 WL 13150025, at *3 (W.D. Tex. June 12, 2019). "A party has sufficient business acumen

---

[13]See also Hudson v. Lincare Inc., No. 1:20-CV-928-RP, 2021 WL 4255094, at *2 (W.D. Tex. Sept. 17, 2021); Zavala, No. 4:15-CV-123, 2015 WL 5604766, at *4.

[14]Plaintiff's Response, Docket Entry No. 10, p. 4 ¶ B.

if they are able to understand the import of a jury waiver provision." Zavala, 2015 WL 5604766, at *2. Plaintiff has an associate's degree as a medical assistant and attended a six-month "Detention Officer/Jailer Academy."[15] She very likely could understand the jury waiver's language. But lacking business experience and counsel, the significance of that waiver may not have been clear. This factor weighs slightly in favor of enforcement.

**C. The Opportunity to Negotiate**

G4S concedes that the waiver was "take it or leave it."[16] This factor weighs against enforcement.

**D. Conspicuousness of the Waiver**

G4S argues that the waiver was conspicuous.[17] Plaintiff responds that the Application for Employment containing the waiver "appears to have been completed online" and that G4S did not take "steps to ensure that the applicant did not just skip over the boilerplate."[18] Determining whether a contractual term is conspicuous is necessarily a fact-intensive inquiry. See FinishMaster, Inc. v. Richard's Paint and Body Shop, LLC,

---

[15] Id.

[16] G4S's Motion to Strike, Docket Entry No. 8, p. 4.

[17] Id.

[18] Plaintiff's Response, Docket Entry No. 10, p. 5 ¶ D.

No. A-11-CA-560 AWA, 2012 WL 2870706, at *2 (W.D. Tex. July 6, 2012). The representations in the Application for Employment are a page and a half long.[19] About one-third of the language, including the jury waiver, appears in all caps.[20] This factor weighs in favor of enforcement.

### E. Weighing the Factors

The court concludes that G4S has not carried its burden of showing that the jury waiver was informed and voluntary. In particular, the one-sided waiver suggests a gross disparity in bargaining power, and G4S concedes that Plaintiff could not negotiate its terms. G4S's Motion to Strike will therefore be denied.

### IV. Order

G4S Secure Solutions (USA) Inc.'s Motion to Strike Plaintiff's Jury Demand (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of February, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[19]Application for Employment, Exhibit A to G4S's Motion to Strike, Docket Entry No. 8-1, pp. 8-9.

[20]Id.